NATHANAEL L. JACKSON,          )
JENNIE D. JACKSON, AND       )
NATALIE B. JACKSON-PRITCHARD  )
                              )
        Plaintiffs,       )       Case No.: 4:13-cv-61
                              )
v.                        )       *Mattice / Lee*
                              )
TENNESSEE WALKING HORSE    )
NATIONAL CELEBRATION, INC., *et al*, )
                              )
        Defendants.     )

## AMENDED REPORT AND RECOMMENDATION

Before the Court is Plaintiff Nathanael L. Jackson's motion to proceed *in forma pauperis* "IFP Application" [Doc. 1]. The Court previously issued a Report and Recommendation ("R&R"), recommending that the original complaint be dismissed for failure to state a claim [Doc. 4]. As a result, the R&R did not reach the issue of pauper's status for each of the three plaintiffs named in the original complaint [Doc. 4]. Plaintiff Nathanael L. Jackson has since filed an amended complaint [Doc. 5], which appears to be in response to the R&R as it adds claims to the original complaint and drops two of the three plaintiffs named in the original complaint. This Amended Report and Recommendation shall supersede the previous R&R and shall address the issue of pauper's status of Mr. Jackson.

Mr. Jackson's amended complaint is not signed, and therefore is not a valid pleading under the Federal Rules of Civil Procedure. Rule 11(a) requires "[e]very pleading . . . must be signed . . . by a party personally if the party is unrepresented . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." If Mr. Jackson files a signed amended complaint, the amended complaint will supersede the initial

complaint [Doc. 2].  *See Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008) (holding

the "original complaint . . . is a nullity, because an amended complaint supercedes all prior

complaints"); *B & H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008) ("Once

an amended pleading is interposed, the original pleading no longer performs any function in the

case.") (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and

Procedure* § 1476 (2d ed. 1990)).  If a signed copy of the amended complaint is filed, dismissal

for failure to state a claim would no longer be appropriate as the amended complaint appears to

assert new claims.  Mr. Jackson's amended complaint also appears to remove Jennie D. Jackson

and Natalie B. Jackson-Pritchard as plaintiffs, leaving only Nathanael L. Jackson as a named

plaintiff.

"[T]o ensure that indigent litigants have meaningful access to the courts," an indigent

plaintiff may file a complaint without prepayment of the Court's $400 filing fee.  *See* 28 U.S.C.

§§ 1914, 1915; *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  In order to qualify for pauper's

status, a plaintiff must show by affidavit that his financial situation will not permit him to pay the

costs of litigation and still afford the necessities of life for himself and his dependents.  28 U.S.C.

§ 1915(a); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Mr. Jackson improperly completed the short form application [Doc. 1] rather than the long

form application, but the short form appears to provide enough information for the Court to

determine the issue of pauper's status.  Based upon a review of Mr. Jackson's IFP Application

and supporting documentation, I **FIND** that Mr. Jackson has sufficient funds to pay the Court's

filing fee.  Specifically, Mr. Jackson's net monthly income is approximately $5,741.00, and he

represents his itemized monthly expenses total $4,114.00.  Mr. Jackson attached his debt

consolidation schedule to his IFP Application, however his credit consolidation fees are also

included as a monthly expense. Mr. Jackson's monthly income appears to exceed his monthly

expenses, and his monthly expenses appear to include a number of non-necessities. Accordingly,

I **RECOMMEND**[1] that Mr. Jackson be **DENIED** pauper's status and that he be assessed the $400

filing fee.


s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

3